Dear Mr. Deville:
You have requested an opinion of this office regarding the operation of the police department in Washington, Louisiana. Each of your four questions will be answered in the order presented to us.
Question No. 1
May the chief of police, in a town whose system of government is based upon the Lawrason Act, La. R.S. 33:321 et seq., set and enforce rules and regulations for the operation of the police department?
Based upon the applicable statutory provisions and interpretation of these provisions by the Courts it is the opinion of this office that the chief of police in a municipality controlled by the Lawrason Act has the authority to establish rules and regulations regarding the operation of the police department.
No statute delineates the authority of the chief of police in a Lawrason Act municipality with, specificity. General language regarding the scope of the chiefs authority is found in La. R.S. 33:423.
La. R.S. 33:423 reads as follows:
§ 423 Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed.
The key language in this statute is the sentence, "He shall have general responsibility for law enforcement in the municipality. . .".
In the case of Lentini v. City of New Orleans. 211 So.2d 311
(La. 1968) the Supreme Court analyzed whether ordinances passed by the City of Kenner violated the grant of authority given to the chief of police. In a general introduction to an analysis of the ordinances the Court stated:
 "The duties and powers of the chief of police are defined neither by statute or jurisprudence. Because of the nature of his office, however, he is the chief law enforcement officer of the City and, as such, has supervision of the police department."
The Second Circuit Court of Appeals, in the case of Cogswell v. Town of Logansport, 321 So.2d 774 (La.App. 2nd Cir. 1975) Was also called upon to interpret La. R.S. 33:423. The Court stated:
 "The `general responsibility for law enforcement, granted the chief of police by Section 423 means the power to supervise the operation of the police department and assign its personnel and equipment, subject to the statutory authority which may be exercised by the mayor and aldermen under other sections of the Lawrason Act, as amended."
From a review of statutory provisions La. R.S. 33:423 and cases interpreting this statute it is evident that the chief of police in a Lawrason Act municipality has the authority to manage the operation of the police department. This would include establishing rules and regulations for the operation of the department. Former precedent established by this office in opinions 88-115, 87-124 and 87-194 agree with this result.
Question No. 2
May the chief of police in a town whose system of government is based upon the Lawrason Act, La. R.S. 33:321 et seq., discipline, suspend or fire officers in the police department?
From a review of La. R.S. 33:423, it can be determined that the chief of police shall make recommendations to the mayor and board of aldermen for appointment and promotion of police personnel, and for discipline and dismissal of police personnel.
Based on this it is the opinion of this office that the chief of police in a Lawrason Act municipality may only make recommendations to the mayor and board of aldermen in regards to discipline, suspensions and firings of police department personnel.
Question No. 3
May the chief of police in a town whose system of government is based upon the Lawrason Act, La. R.S. 33:321 et seq., establish a police department regulation that forbids officers to consume alcohol eight hours before their shift begins?
It is the opinion of this office that such a prohibition violates Article I Section 5 of the Louisiana Constitution regarding an individuals right to privacy.
Article I Section 5 of the Louisiana Constitution provides in part: "Every person shall be secure in his person, property . . . and effects against unreasonable searches, seizures, or invasions of privacy."
A department regulation that dictates to an employee what he may do, or not do during his time off is an intrusion, into this employees personal life and violates the employees constitutionally protected right to privacy.
However, nothing would prevent a departmental regulation that requires an employee to not be under the influence of alcohol when he or she reports for work.
Question No. 4
Does a municipality governed by the Lawrason Act have to pay municipal employees overtime pay for overtime worked?
Requirements for overtime pay are found in State Civil Service Rules. Normally all hours over 40 hours per week are considered overtime. In addition La. R.S. 33:362 provides some guidance in this area.
La. R.S. 33:362 reads as follows:
§ 362. Exercise of municipal powers; legislative, executive
 A.(3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
In summary, the board of aldermen shall enact ordinances to provide policies and procedures regarding municipal employees but these ordinances are governed by other laws including applicable civil service rules.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT L. COCO Staff Attorney
RBI/REC:mnt